UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN V. PETERSON,

       Plaintiff,                                     Hon. Paul L. Maloney

v.                                                        Case No. 1:19-cv-505

UNKNOWN CLOUSE, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Preliminary Order Ruling that Plaintiff Can File Grievances</u> (ECF No. 3), which the undersigned construes as a motion for a preliminary injunction. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **DENIED**.

Plaintiff, a prisoner who is incarcerated with the Michigan Department of Corrections (MDOC), filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants retaliated against him in violation of the First Amendment after Plaintiff filed a grievance complaining that the housing unit rules were not posted or otherwise available. (ECF No. 1 at PageID.2–4.) Plaintiff also filed the instant motion, in which he requested that the Court "order that he has the right to file grievances without being subject to retaliation." (ECF. No. 3 at PageID.40.) In his motion, Plaintiff details instances of alleged retaliation by Defendants and others and states that he seeks to file grievances concerning various issues but fears retaliation by prison staff. (*Id.* at PageID.42–43.) Plaintiff concludes by requesting that the Court "issue an order in whatever

words this court wishes to phase [sic] it in that 'NO ONE' retaliate against me for filing grievances to step one/two/three." (*Id.* at PageID.43.)

Although a court normally considers and balances certain factors to determine the propriety of injunctive relief, *see Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994), Plaintiff's motion fails because he essentially requests an order directing Defendants and others to "obey-the-law," which is an improper form of injunction. *See, e.g.*, *Koetje v. Norton*, No. 13-Cv-12739, 2014 WL 4705410, at *3 n.1 (E.D. Mich. June 17, 2014) (collecting cases and noting that "[c]ourts have consistently held that an injunction that merely instructs a party to 'obey the law' is null and void"); *Misterovich v. Burggraf*, No. 1:13-CV-1221, 2014 WL 7010801, at *3 (W.D. Mich. Dec. 10, 2014) (observing that "'obey-the-law' injunctions raise significant constitutional concerns regarding vagueness and overbreadth"). Such injunctions are also "too vague to satisfy Rule 65." *Shook v. Bd of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) (internal quotation marks omitted). Finally, as Defendants are already obligated to refrain from unlawful retaliation against Plaintiff, the relief he requests is unnecessary. *McGrath v. Wells*, No. 06-C-343-C, 2006 WL 2008994, at *1 (W.D. Wis. July 17, 2006).

Accordingly, the undersigned recommends that <u>Plaintiff's Motion for Preliminary Order Ruling that Plaintiff Can File Grievances</u> (ECF No. 3) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Dated: December 17, 2019                  /s/ Sally J. Berens
                                                               SALLY J. BERENS
                                                               U.S. Magistrate Judge