UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN V. PETERSON #318935,

    Plaintiff,                                                      Hon. Paul L. Maloney

v.                                                                   Case No. 1:19-cv-505

UNKNOWN CLOUSE, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 28.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **DENIED**.

**BACKGROUND**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued MDOC employees Assistant Deputy Warden (ADW) Clouse, Grievance Coordinator T. Bassett, Prison Counselor K. Johnson, and Correctional Officers (unknown) Annis, (unknown) McGlone and (unknown) Vogue, pursuant to 42 U.S.C. § 1983, alleging that they retaliated against him for filing grievances while he was housed at the Oaks Correctional Facility (ECF) in Manistee, Michigan.

Plaintiff alleges that on June 5, 2019, he sent a kite to Defendant Clouse, complaining that the unit rules were not posted and asking for a copy of the rules. Plaintiff also indicated that he would file a grievance if he did not hear from them within two days. (ECF No. 1 at PageID.2.) Plaintiff did not receive a response and filed a grievance on June 10, 2019. Defendant Bassett

1

and non-defendant ADW Spencly rejected the grievance on June 11 and returned it to Plaintiff on June 12, 2019. Defendant Bassett also sent a kite, stating that if Plaintiff continued on his current path, "they would have something in store for [him]." Plaintiff alleges that he requested a Step II appeal form the same day, before he read Defendant Bassett's note. Plaintiff states that, had he read Bassett's message first, he would not have requested the Step II form. (*Id.*)

On June 13, 2019, Plaintiff overheard Defendant Johnson tell Defendant Vogue that she had received a phone call from Defendant Clouse about Plaintiff's grievances and "that he (Vogue) knew what to do." (*Id.* at PageID.3.) Within two minutes, Plaintiff heard Defendant Vogue call Defendants Annis and McGlone to the bubble. Five minutes later, Defendants Annis and McGlone searched Plaintiff's cell for 30 minutes. Before entering Plaintiff's cell, Defendants Annis and McGlone closed the window shutter on Plaintiff's cell so that the prisoner across the hall could not see them. Plaintiff also alleges that, as he left the electronic law library, he was told to wait for the cell search to conclude. (*Id.*)

When Plaintiff was permitted to return to his cell, he found his papers strewn across the floor with barbecue sauce from a new bottle poured all over them. Defendants had also opened two new boxes of snack crackers, two honey buns, twelve noodle packs, one cheese, one peanut butter, and one pickle. They had poured the pickle juice over Plaintiff's sheets and shirts and took the kite that Defendant Bassett had sent to Plaintiff the previous night. Plaintiff was forced to throw his food out. (*Id.*)

On June 14, 2019, Plaintiff asked Defendant McGlone why they had ruined his property. McGlone told Plaintiff that it was not personal, but they had to send Plaintiff a message about all of his grievance activities. McGlone told Plaintiff that all he needed to do was stop doing what he was doing (filing grievances). Later that day, Plaintiff asked Defendant Annis why he did what

2

he did. Annis responded, "I was just going off what Vogue told me." Plaintiff also spoke to Defendant Johnson on June 14, telling her that he was going to sue her for having the officers retaliate against Plaintiff. Johnson said that the search had nothing to do with her. Johnson stated that Defendant Clouse had told her the prior afternoon that Defendant Bassett had phoned Clouse about Plaintiff's Step II grievances against Bassett and Spencly. Johnson said, "That has nothing to do with me.[] If you continue you're going across the bridge or somewhere you don't want to go (the hole) instead of Macomb (corr. fac.)." (*Id.*)

Plaintiff alleges that he had been on loss-of-privileges sanctions, which had been waived on May 31, 2016, for a 30-day period. On June 16, 2019, an officer advised Plaintiff that his waiver had been terminated. Plaintiff asked Defendant Johnson why his waiver had been terminated. She responded that Defendant Clouse had terminated the waiver and that Plaintiff knew why. (*Id.* at 3–4.)

Defendants now move for partial summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of

3

fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

4

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely," and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants attach a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III. (ECF No. 29-3.) Defendants argue that none of the seven Step III grievances Plaintiff filed while incarcerated at ECF exhausted his

5

retaliation claim against Defendants.  (ECF No. 29 at PageID.136–138.)  Plaintiff has filed a response (ECF No. 209), in which he does not dispute that the Step III grievances Defendants cite did not exhaust his retaliation claim.  Plaintiff argues, however, that the facts he alleged in his verified complaint show that the grievance process was unavailable to him because of Defendants' intimidating conduct.  Allegations in a verified complaint, if based on personal knowledge, may be considered in deciding a motion for summary judgment.  *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (noting that a complaint signed under penalty of perjury pursuant to 28 U.S.C. § 1746 "carries the same weight as would an affidavit for the purposes of summary judgment").

In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Supreme Court observed that a grievance process is unavailable where, among other things, "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859.  The Court noted that exhaustion is not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860; *see also id.* at 1860 n.3.  Similarly, the Sixth Circuit has held that exhaustion may be excused where a prisoner presents concrete and specific facts showing intimidation that would deter a person of ordinary firmness from continuing to use the prison's grievance process. *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 577–78 (6th Cir. 2014).  Here, Plaintiff alleges sufficient facts in his verified complaint to show that the grievance process was not available to him due to Defendants' threats and intimidation.  That is, Plaintiff's allegations show that, a person of ordinary firmness would not have continued to use the grievance process in the face of Defendants' alleged threats and intimidation.  Defendants did not file a reply addressing Plaintiff's arguments.

Accordingly, Defendants fail to satisfy their burden on summary judgment.

**CONCLUSION**

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment based on Plaintiff's failure to exhaust administrative remedies (ECF No. 28) be **denied**.

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: May 6, 2020          /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge